| | | |
|---|---|---|
| **Nashon Warner** | * | **IN THE UNITED STATES DISTRICT** |
| Plaintiff | * | **COURT FOR THE DISTRICT OF** |
| v. | * | **MARYLAND** |
| | * | ***Baltimore Division*** |
| **UNITED STATES OF AMERICA** | * | |
| Defendant | * | CASE NO.: |

* * * * * * * * * * * * *

**COMPLAINT (FEDERAL TORT CLAIMS ACT)**

Plaintiff Nashon Warner, by and through undersigned counsel, sues Defendant United States of America and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a civil action for money damages against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680, arising from personal injuries caused by the negligent acts and omissions of an employee of the United States (including an employee of the United States Postal Service) acting within the scope of employment.

## II. PARTIES

2. Plaintiff Nashon Warner ("Plaintiff") is an adult individual who resides in the State of Maryland at 4042 Carthage Rd, Randallstown, Baltimore County, Maryland.
3. Defendant United States of America ("United States") is liable under the doctrine of respondeat superior for the negligent acts or omissions of its employees acting within the scope of their employment.

## III. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1346(b)(1) because this is an action for money damages for personal injury caused by the negligent acts or omissions of an employee of the Government acting within the scope of employment, under circumstances where a private person would be liable under the law of the place where the act or omission occurred (Maryland).
5. Venue is proper in this District under 28 U.S.C. § 1402(b) because the act or omission complained of occurred in this District and Plaintiff resides in this District.
6. This action is properly brought only against the United States (not against the federal agency and not against the employee individually).

**IV. ADMINISTRATIVE PRESENTMENT / EXHAUSTION / TIMELINESS**

7. Plaintiff presented an administrative claim to the United States Postal Service ("USPS") pursuant to 28 U.S.C. § 2675(a) on or about March 10, 2022 seeking a sum certain of $100,000.00 for injuries arising out of the incident described below (the "Administrative Claim").
8. More than six (6) months have elapsed since presentment of the Administrative Claim, and USPS has not made final disposition of the claim; therefore, the claim is deemed finally denied and Plaintiff may institute this action pursuant to 28 U.S.C. § 2675(a).
9. Plaintiff seeks damages in an amount not to exceed the sum certain presented in the Administrative Claim, except as permitted by 28 U.S.C. § 2675(b).

**V. FACTUAL ALLEGATIONS**

10. On or about May 21, 2020, Plaintiff was lawfully present at or near a USPS loading dock located at 1250 Stoney Run Road, Hanover, Maryland 21076, performing work that included off-loading a USPS truck and trailer positioned at the loading dock.

11. At all relevant times, a USPS truck and trailer were positioned adjacent to the loading dock in a manner intended to permit safe loading and unloading operations.

12. While Plaintiff was in the process of off-loading the USPS truck/trailer, a USPS driver (an employee of the United States acting within the scope of employment) accelerated and moved the truck and trailer away from the loading dock without ensuring that loading/unloading operations had ceased and that dock personnel were clear.

13. As a direct result of the USPS driver's movement of the truck/trailer, the separation between the truck bed/trailer and the loading dock increased suddenly, and Plaintiff fell into the gap between the loading dock and the truck/trailer.

14. Plaintiff fell a distance of more than five (5) feet, landing on concrete.

15. As a result of the fall, Plaintiff sustained serious injuries including, but not limited to, injuries to his head, neck, back, right hand, both legs, and both feet/ankles, and experienced pain, suffering, and other damages.

16. Plaintiff's injuries and damages were directly and proximately caused by the negligent acts and omissions of the USPS driver and/or other employees of the United States responsible for safe loading-dock operations, including failure to follow or enforce reasonable safety procedures for securing the vehicle at the dock and ensuring the dock area was clear before moving the vehicle.

17. Plaintiff exercised reasonable care for his own safety under the circumstances.

**COUNT I – NEGLIGENCE (FTCA / MARYLAND LAW)**

(Against the United States of America)

18. Plaintiff incorporates by reference Paragraphs 1 through 17 as if fully set forth herein.

19. Under Maryland law, persons operating a motor vehicle and participating in commercial loading/unloading operations owe a duty to use reasonable care to avoid creating an unreasonable risk of harm to others in the loading-dock area.

20. The United States, through its employee(s), breached that duty by acts and omissions including, but not limited to:

    a. Moving the USPS truck/trailer away from the loading dock while Plaintiff was off-loading;

    b. Failing to confirm that loading/unloading operations were complete and the dock area was clear before moving the vehicle;

    c. Failing to maintain a proper lookout and/or failing to communicate with dock personnel before moving the vehicle;

    d. Failing to follow and/or enforce reasonable safety protocols for loading-dock operations and vehicle movement; and

    e. Otherwise failing to act with reasonable care under the circumstances.

21. As a direct and proximate result of the foregoing negligence, Plaintiff sustained injuries and damages including medical expenses, lost earnings/loss of earning capacity, pain and suffering, and other economic and non-economic damages.

22. Plaintiff seeks only those damages allowed by the FTCA. Plaintiff does not seek punitive damages and does not seek pre-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant United States of America, awarding:

A. Compensatory damages in an amount to be proven at trial, not to exceed $100,000, together with allowable costs, and such other relief as the Court deems just and proper, subject to the limitations of 28 U.S.C. §§ 2675(b) and 2674;

B. Costs as allowed by law; and

C. Such other and further relief as the Court deems just and proper.

**TRIAL SETTING**

Pursuant to 28 U.S.C. § 2402, Plaintiff requests a bench trial on all issues so triable.

Respectfully submitted,
ORSHAN LEGAL GROUP LLC

By: Yoseph Orshan
_______________________

Yoseph Orshan, Esq.
Bar No. 21280
115 Sudbrook Lane, Suite 206
Baltimore, MD 21208
p: (410) 205-5571
f: (410) 862-3058
YO@ORSHANLEGAL.COM
*Attorney for Plaintiff*